OPINION
On May 24, 1996, the Licking County Grand Jury indicted appellant for three counts of Aggravated Vehicular Assault (R.C.2903.08), with three specifications that he caused physical harm during the commission of the offense, in violation of R.C.2941.143. On August 22, 1996, appellant pled guilty to all three counts, and was sentenced to two to five years incarceration on each count, to run consecutively.
On December 23, 1997, appellant filed a motion for resentencing, claiming that he was denied his right to elect to be sentenced pursuant to Senate Bill 2, as he was sentenced after the effective date of the new sentencing Bill. The court denied the motion, on the basis that because he was indicted with the physical harm specifications, there was no comparable penalty reduction under Senate Bill 2, and therefore, he was not entitled to elect sentencing.
Appellant assigns one error:
ASSIGNMENT OF ERROR:
 THE COURT ERRED IN ITS RELIANCE UPON THE VOID ENACTMENT OF SECTION 3 OF S.B. 269 TO DENY THE DEFENDANT'S MOTION TO ELECT TO BE SENTENCED TO THE LAW IN EFFECT AT THE TIME OF SENTENCING PURSUANT TO THE OHIO REVISED CODE SECTION 1.58(B) WHICH WAS IN FULL FORCE AND EFFECT AT THE TIME THIS APPELLANT WAS SENTENCED.
S.B. No. 2 became effective July 1, 1996. Said bill specifically provides that it is applicable only to crimes committed after June 30, 1996:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
Also effective July 1, 1996 was Am.Sub. S.B. No. 269. Said bill was enacted as an emergency provision to clarify and modify certain provisions of S.B. No. 2. Section 3, Am. Sub. S.B. No. 269 states as follows:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date, and, notwithstanding Division (B) of Section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.
 The provision of the Revised Code in existence on and after July 1, 1996, applies to a person who commits an offense on or after that date.
It is undisputed that appellant was indicted prior to the effective date of Senate Bill 2. However, appellant was sentenced on August 22, 1996.
R.C. 1.58(B) states:
 (B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment of amendment of statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
In State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported at 3, this court concluded that neither S.B. No. 2 nor S.B. No. 269 repealed the statutory provisions contained in R.C.1.58, and found "a conflict between the statutory provisions of R.C. 1.58 and Senate Bill 2, creating an ambiguity as to the application of the law." The Rush court, in construing the statutes strictly against the State and liberally in favor of the appellant, concluded that the trial court had erred in not permitting appellant to elect to be sentenced in accord with S.B. No. 2. We find this case to be distinguishable from the case subjudice.
In Rush, the defendant was sentenced on a conviction for aggravated trafficking. In the case sub judice, appellant was sentenced on a conviction for theft with a prior violenceconviction specification pursuant to R.C. 2941.143. Said statute was repealed on July 1, 1996 pursuant to S.B. No. 2.
In State vs. Emerick (Sept. 23, 1997), Licking App. No. 97-CA-37, unreported, this court concluded that when a defendant was charged with a specification pursuant to R.C. 2941.143, the flavor of the offense changed. Because R.C. 2941.143 was repealed, the crime as indicted no longer existed. We, therefore, concluded that pursuant to R.C. 1.58(A), which provides that the repeal of a statute does not affect its prior operation, or any penalty incurred in respect thereto prior to the repeal, the appellant was not entitled to the benefit of Senate Bill 2.
In State vs. Marini (June 29, 1998), Tuscarawas App. No. 97AP020016 and 97AP120082, this court reconsidered its decision inEmerick. The panel considering the Marini case overruled Emerick, concluding that although the flavor of the offense had changed, the punishment for the same conduct, which gave rise to the original indictment, was changed by Senate Bill 2. The Marini
court concluded that although the crime as indicted no longer existed, the conduct for which the defendant was indicted still constituted a crime punishable under Senate Bill 2, and therefore, R.C. 1.58(B) allowed an election of sentencing. Judge Farmer dissented, for the reasons cited by the majority in Emerick.
We believe that Emerick is the better reasoned decision. As the crime as indicted no longer exists, a court considering resentencing would be required to attempt to fit the conduct with which the defendant was charged into the new sentencing statute. The sentence was not merely reduced by reenactment of the statute, but rather the statute was repealed, and the offense as indicted no longer exists.
In addition, appellant pled guilty to the specifications as indicted. Although he now claims that he was not informed of his right to elect sentencing at the time he entered his guilty plea, he did not move to vacate the guilty plea, but only moved for resentencing. As the guilty plea includes the specifications for which he was sentenced, the court could not merely resentence him for the crime for which he entered the guilty plea, as such crime no longer exists.
The Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.